IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

THE COURTLAND COMPANY, INC.,

        Plaintiff,

v.                                      CIVIL ACTION NO.   2:19-cv-00894

UNION CARBIDE CORPORATION,

        Defendant.

**ORDER**

Before this Court is Defendant Union Carbide Corporation's ("Defendant") motion to compel Plaintiff The Courtland Company, Inc. ("Plaintiff") to respond to certain discovery requests. (ECF No. 179.) Defendant represents that Plaintiff has not provided a privilege log with its responses to the requests, despite its objections that responsive information is protected from disclosure by the work product doctrine or the attorney–client privilege. (*See* ECF No. 180 at 3.) Plaintiff responds that it should not be subject to the "unique requirement" of recording "all of [its counsel's] communications in investigating this case." (ECF No. 186 at 9.) Defendant replies, "Plaintiff's claim that it is not required to produce any privilege log is disingenuous." (ECF No. 192 at 2.)

"When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material," as here, it must "expressly make the claim" and "describe the nature of the documents, communications, or tangible things not produced or disclosed . . . in a manner that, without revealing information itself privileged or protected, will enable other parties [and this Court] to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). The party's satisfaction of

this burden typically takes the form of a privilege log. *See Johnson v. Ford Motor Co.*, 309 F.R.D. 226, 232 (S.D.W. Va. 2015) (quoting *Sky Angel US, LLC v. Discovery Commc'ns, LLC*, 28 F. Supp. 3d 465, 483 (D. Md. 2014)). "A privilege log must contain 'specific facts which, taken as true, establish the elements of the privilege for each document for which privilege is claimed. A privilege log meets this standard, even if not detailed, if it identifie[s] the nature of each document, the date of its transmission or creation, the author and recipients, the subject and the privilege asserted.'" *Westfield Ins. Co. v. Carpenter Reclamation, Inc.*, 301 F.R.D. 235, 246–47 (S.D.W. Va. 2014) (quoting *Clark v. Unum Life Ins. Co. of Am.*, 799 F. Supp. 2d 527, 236 (D. Md. 2011)).

As an initial matter, Plaintiff's suggestion that including oral communications in a privilege log is unprecedented is plainly incorrect: at least two district courts in the Fourth Circuit expressly require it in their local rules of procedure. N.D.W. Va. L.R. Civ. P. 26.04(a)(2)(i)(B)(2); *see Ambling Mgmt. Co. v. Univ. View Partners LLC*, No. WDQ-07-2071, 2010 WL 2465021, at *2 (D. Md. June 11, 2010). This Court does not have such a rule, but the plain language of Federal Rule of Civil Procedure 25(b)(5)(A) would appear to encompass oral communications. Noting those oral communications in this case, however, would sidestep Plaintiff's objection that the information is protected work product. (*See* ECF No. 179-1 at 2–3.) As such, the undersigned will not require it before ruling on Defendant's motion to compel.

Plaintiff's opposition to recording its counsel's investigative communications nonetheless does not explain its failure to provide a privilege log for other information that it has withheld as protected work product. Requests for Production Nos. 3, 4, and 9 all seek materials that should clearly be recorded in a privilege log if not produced, and Plaintiff's refusal to prepare one for those requests is inexcusable. More importantly,

neither Defendant nor the undersigned can possibly evaluate Plaintiff's claims that the materials are shielded from discovery without the information that a privilege log provides. "A party's conclusory assertion that a document is privileged" or protected work product, like the conclusory assertions Plaintiff has made in its responses to Defendant's discovery requests, "is inadequate to meet the burden imposed by Rule 26(b)(5)(A)." *Johnson*, 309 F.R.D. at 232 (citing *United Stationers Supply Co. v. King*, No. 5:11-cv-00728, 2013 WL 419346, at *2 (E.D.N.C. Feb. 1, 2013)). Accordingly, Plaintiff is **ORDERED** to provide a privilege log for Requests for Production Nos. 3, 4, and 9 that complies with Rule 26(b)(5)(A) to Defendant and to the undersigned within **seven (7) days** from the date of this Order. Its failure to do so will result in its waiver of the work product objection. *Jones v. Bank of Am., N.A.*, No. 3:14-cv-11531, 2015 WL 1808916, at *5 (S.D.W. Va. Apr. 21, 2015) (quoting *Rhodes v. Ingram*, No. 7:13-cv-192-BR, 2015 WL 1038136, at *4 (E.D.N.C. Mar. 10, 2015)).

    **IT IS SO ORDERED**.

    The Clerk is **DIRECTED** to send a copy of this Order to counsel of record and to any unrepresented party.

    ENTER:    February 12, 2021

Dwane L. Tinsley
United States Magistrate Judge