IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

THE COURTLAND COMPANY, INC.,

    Plaintiff,

v.              CIVIL ACTION NO. 2:19-cv-00894

UNION CARBIDE CORPORATION,

    Defendant.


**ORDER**

Before this Court is Defendant Union Carbide Corporation's ("Defendant") motion to compel Plaintiff The Courtland Company, Inc. ("Plaintiff") to respond to certain discovery requests. (ECF No. 179.) Defendant argues that Plaintiff has improperly objected to Interrogatories Nos. 1, 2, and 5 and Requests for Production Nos. 1, 3, 4, 5, and 9 from its second set of interrogatories and requests for production, which was served on November 10, 2020. (ECF No. 180 at 2–3; *see* ECF No. 135.)

*A. Interrogatories Nos. 1 & 5*

Interrogatory No. 1 requests that Plaintiff provide information about its communications with news outlets; federal, state, and local governmental entities; and other companies and organizations that are not parties to this action regarding the litigation and the allegations in the complaint. (ECF No. 179-1 at 2.) Plaintiff objected on the bases that the request seeks irrelevant information, infringes on Plaintiff's First Amendment rights, and seeks information protected by the work product doctrine. (*Id.* at 2–3.) Similarly, Interrogatory No. 5 asks Plaintiff to "describe the substance" and give the date of conversations with employees of the state's environmental regulator. (*Id.* at

3.)   Plaintiff objected that the request seeks information protected by the work product doctrine.   (*Id.*)

Turning first to relevance, Defendant argues that the requested information is relevant "because Plaintiff itself has referenced the interest of the public and media outlets several times in [its] briefs and ha[s] stated that the media has inquired regarding the status of the litigation."   (ECF No. 180 at 4.)   Media interest in the case has no bearing on the success of any of Plaintiff's claims or Defendant's defenses.   However, Plaintiff's efforts to gather information from governmental entities charged with regulating or overseeing Defendant's activities in order to support its claims are relevant, and Plaintiff acknowledges that such communications took place.   (ECF No. 186 at 3–4.)

It nonetheless refuses to provide any details about the substance of the communications, arguing that the information is protected work product.   (*Id.* at 2–7.) To the extent that any such communications were written or have been reduced to written form (*i.e.*, notes about an oral communication), they fall within the work product doctrine's parameters.   Fed. R. Civ. P. 26(b)(3) ("[A] party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative . . . .").   "[I]ntangible . . . material," while outside the scope of Rule 26(b)(3), also "qualifies for protection from discovery under the work product doctrine" as set forth in *Hickman v. Taylor*, 329 U.S. 495 (1947).   *Maynard v. Whirlpool Corp.*, 160 F.R.D. 85, 87 (S.D.W. Va. 1995).   An opposing party is not entitled to discover the "personal recollections" of "an adverse party's counsel" about oral statements given to him "in the course of his legal duties."   *Hickman*, 329 U.S. at 510. This is precisely the type of information Interrogatories Nos. 1 and 5 seek.

As such, Defendant's motion to compel (ECF No. 179) is **DENIED** as to Interrogatories Nos. 1 and 5.   However, Plaintiff is advised that it cannot employ the work product doctrine to withhold the identities of any potential witnesses with discoverable information.   *TJF Servs., Inc. v. Transp. Media, Inc.*, No. 5:17-cv-00626-RN, 2019 WL 7599942, at *7 (E.D.N.C. Jan. 22, 2019) (citing *Avent v. State Farm Fire & Cas. Co.*, No. 5:16-cv-278-BO, 2017 WL 2671078, at *6 (E.D.N.C. June 20, 2017)). Plaintiff is further reminded that its initial disclosures were to include the name, contact information, and a description of the subject of the knowledge held by each potential witness it plans to use to support its claims.   Fed. R. Civ. P. 26(a)(1)(A)(i).   If Plaintiff uncovered any such potential witnesses in the course of its counsel's conversations with any of the entities it noted in its response brief in opposition to Defendant's motion to compel, it must provide that information to Defendant.

## B.  Interrogatory No. 2

This request seeks "an itemized list" of Plaintiff's "fees and expenses," including "attorneys' fees, litigation costs and expenses, and/or expert fees," in this case and a related case Plaintiff has filed against Defendant.   (ECF No. 179-1 at 3.)   Plaintiff objected that the request is premature.   (*Id.*)   Indeed, when attorneys' fees and other litigation expenses are not an element of damages under the substantive law pursuant to which the plaintiff brings its claims, the amount of such costs "is not 'of consequence' in determining the initial judgment."   *CSX Transp., Inc. v. Peirce*, No. 5:05-cv-202, 2012 WL 5354544, at *2 (N.D.W. Va. Oct. 29, 2012); *see* Fed. R. Civ. P. 54(d)(2)(A) ("A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.").[1]

---

[1] The cases Defendant cites in its reply brief are distinguishable on this basis.   (ECF No. 192 at 4.)   In

Contrary to Defendant's suggestion, a request for attorneys' fees allowed by statute does not convert those expenses into an element of the plaintiff's damages unless the statute provides that the requesting party must prove them at trial.   *CSX Transp., Inc.*, 2012 WL 5354544, at *3.   Because the causes of action Plaintiff brings do not require such proof, the amount of its litigation expenses in this case is not relevant to its claims.   Therefore, Defendant's motion to compel (ECF No. 179) is **DENIED** as to Interrogatory No. 2.

### C.  Request for Production No. 1

This request, which is similar to Interrogatories Nos. 1 and 5, seeks "copies of all documents, correspondence, e-mails, recordings or other things, sent by Plaintiff . . . to any news media outlet, organization, third-party, and/or non-party" that relates to this litigation and the allegations in the complaint.   (ECF No. 179-1 at 3–4.)   Plaintiff objected that the request seeks information protected by the work product doctrine, yet it produced two arguably non-responsive documents from federal and state regulatory agencies.   (*Id.* at 4.)

The work product doctrine shields "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)" from discovery absent a showing of "substantial need" and "undue hardship" by the requesting party.   Fed. R. Civ. P. 26(b)(3)(A).   The requested materials, to the extent they exist, clearly meet the first and third elements of Rule 26(b)(3)(A)'s test, as Request for Production No. 1 seeks documents and other tangible

---

*Equitable Production Co. v. Elk Run Coal Co.*, No. 2:08-cv-00076, 2008 WL 5263735, at *5 (S.D.W. Va. Oct. 3, 2008), the plaintiff expressly "conceded that it seeks to recover attorneys' and consulting fees in this matter as an element of damages."   And in *Chaudhry v. Gallerizzo*, 174 F.3d 394, 400–01 (4th Cir. 1999), the plaintiffs alleged that the defendant attorney and his firm violated the law by seeking to collect attorney's fees from them.

things, such as recordings, that Plaintiff or someone working on its behalf created and sent to a third party.   Therefore, only the second element—whether the material was "prepared in anticipation of litigation or for trial"—is at issue.   As the undersigned has already explained with respect to Interrogatories Nos. 1 and 5, any written communications between Plaintiff and a third party that Plaintiff initiated in order to investigate its claims in this case or a related matter are protected work product, and Plaintiff may withhold them.

However, to the extent Plaintiff disclosed any of the fruits of its investigations to a third party, it has waived the work product protection for those materials.   "Generally, work product waiver occurs through voluntary disclosure of documents or information to which the doctrine applies to third parties."   *United States* ex rel. *May v. Purdue Pharma L.P.*, No. 5:10-cv-01423, 2014 WL 4960944, at *5 (S.D.W. Va. Oct. 2, 2014).   This is because the disclosure is likely to "increase[] the opportunity for potential adversaries to obtain the information."   *Id.* (quoting *Frank Betz Assocs., Inc. v. Jim Walter Homes, Inc.*, 226 F.R.D. 533, 535 (D.S.C. 2005)).   For this reason, Plaintiff has clearly waived work product protection for any materials that it may have provided to a media outlet. *E.I. Du Pont de Nemours & Co v. Kolon Indus., Inc.*, 269 F.R.D. 600, 605 (E.D. Va. 2010) (citing *Tri-County Paving, Inc. v. Ashe Cty.*, No. 5:99-cv-105-V, 2000 WL 1811606, at *11–*12 (W.D.N.C. Oct. 5, 2000)).

"But, when privileged material is shared with a third party . . . who has 'common interests' with the disclosing party, such disclosure . . . does not waive the work product privilege."   *E.I. Du Pont de Nemours & Co. v. Kolon Indus., Inc.*, No. 3:09-cv-58, 2010 WL 1489966, at *4 (E.D. Va. Apr. 13, 2010) (citing In re *Doe*, 662 F.2d 1073, 1081 (4th Cir. 1981); *United States v. AT&T*, 642 F.2d 1285, 1299 (D.C. Cir. 1980)); *Chambers v.*

*Allstate Ins. Co.*, 206 F.R.D. 579, 589 (S.D.W. Va. 2002) (citing *Doe*, 662 F.2d at 1081). "The common interest doctrine permits parties whose legal interests coincide to share privileged materials with one another in order to more effectively prosecute or defend their claims." *Hunton & Williams v. U.S. Dep't of Justice*, 590 F.3d 272, 277 (4th Cir. 2010) (citing In re *Grand Jury Subpoenas*, 902 F.2d 244, 248–49 (4th Cir. 1990)). While it "applies between private parties and the government," it does not extend to "instances in which a party voluntarily discloses material to a government agency to incite it to attack an adversary." *Costabile v. Cty. of Westchester*, 254 F.R.D. 160, 164–65 (S.D.N.Y. 2008); *see E.I. Du Pont de Nemours & Co.*, 269 F.R.D. at 605 (stating that work product protection not waived "by sharing information privately with an interested Government agency . . . so long as the Government is not in a position adversarial to the disclosing party, and so long as the disclosing party maintains a reasonable expectation that the Government will not further disclose the information"). Thus, to the extent Plaintiff provided information to a regulatory entity with the ultimate aim of inducing that entity to take some action against Defendant, no common interest exists, and Plaintiff has waived work product protection for that information. On the other hand, if a government agency was undertaking its own investigation against Defendant and requested information from Plaintiff, unprompted by any information Plaintiff previously provided to it, any such materials Plaintiff created as a part of its investigation of its claims that it then disclosed remain protected work product. *E.I. Du Pont de Nemours & Co.*, 2010 WL 1489966, at *8.

However, any correspondence, documents, or other materials Plaintiff prepared specifically in order to respond to a media inquiry or a request for information from a third party is not entitled to work product protection because it was not created to assist

Plaintiff in litigation.   A document is considered to have been "prepared in anticipation of litigation" if it is "prepared *because* of the prospect of litigation when the preparer faces an actual claim or a potential claim following an actual event or series of events that reasonably could result in litigation."   *Nat'l Union Fire Ins. Co. of Pittsburgh v. Murray Sheet Metal Co.*, 967 F.2d 980, 984 (4th Cir. 1992).   In other words, litigation must be "'the driving force behind the preparation of' the document."   *Ramaco Res., LLC v. Fed. Ins. Co.*, No. 2:19-cv-00703, 2020 WL 3547946, at *2 (S.D.W. Va. June 30, 2020) (quoting *Nat'l Union Fire Ins. Co.*, 967 F.2d at 984).   Materials that were created principally to respond to inquiries from third parties do not meet that test, even if they might also be beneficial to Plaintiff's prosecution of this action.

In sum, Plaintiff may continue to withhold as protected work product any information that it prepared as part of its investigation of its claims in this action, including any inquiries it made to third parties.   But it must produce any of its investigative materials that it provided to a media outlet or to any government entity with the intention of inducing that government entity to take action against Defendant.   It must also provide any materials that it created primarily to respond to requests for information from third parties, including the news media.   Defendant's motion to compel (ECF No. 179) is **GRANTED IN PART** and **DENIED IN PART** as to Request for Production No. 1.

### D. Request for Production No. 3

This request seeks materials depicting the boundaries of Plaintiff's property. (ECF No. 179-1 at 4.)   Plaintiff objected that the request seeks information protected by the work product doctrine, but it provided a deed dated January 7, 1980, that included a survey of its property.   (*Id.*)   In response to this Court's order directing Plaintiff to

provide a privilege log of materials withheld pursuant to this request (ECF No. 194), Plaintiff represents "that it has reviewed all documents and has in its possession no other documents that are responsive to its request" (ECF No. 199 at 1).   It shall provide a formal discovery response to Defendant reflecting that the deed it previously produced is the only responsive document in its possession.   In all other respects, Defendant's motion to compel (ECF No. 179) is **DENIED AS MOOT** as to Request for Production No. 3.

### E.   Request for Production No. 4

This request seeks information in Plaintiff's possession about the boundaries of Defendant's "Filmont landfill property."   (ECF No. 179-1 at 4.)   Plaintiff objected that the request seeks protected work product and stated, "[Defendant] has produced numerous documents through discover [sic] which establish the Union Carbide Filmont landfill property boundaries."   (*Id.*)   As with Request for Production No. 3, in response to this Court's order directing Plaintiff to provide a privilege log of materials withheld pursuant to this request (ECF No. 194), Plaintiff represents "that it has reviewed all documents and has in its possession no other documents that are responsive to this request" (ECF No. 199 at 2).   Again, Plaintiff shall provide a formal discovery response to Defendant reflecting that it has no responsive documents aside from those Defendant has provided through discovery.   In all other respects, Defendant's motion to compel (ECF No. 179) is **DENIED AS MOOT** as to Request for Production No. 4.

### F.   Request for Production No. 5

This request seeks "all permits, permit applications, and/or documents, correspondence, e-mails, recordings or other things relating to any permit" for Plaintiff's property.   (ECF No. 179-1 at 4.)   Plaintiff objected to the request as "vague, ambiguous, and potentially overbroad as to the meaning of the word 'permit.'"   (*Id.*)   Defendant

represents that its counsel explained the word's intended meaning in a December 21, 2020 letter to Plaintiff's counsel.   (ECF No. 180 at 11.)   Plaintiff states that it "has already produced all documents responsive to this request."   (ECF No. 186 at 9.) However, Defendant argues that Plaintiff "should be required to provide a supplemental response stating" that it has previously produced the information.   (ECF No. 192 at 8.) Not only is a failure to provide a formal discovery response indicative of bad faith, *see Hudson v. Cresco Lines, Inc.*, No. 3:12-cv-01310, 2013 WL 125721, at *3 (S.D.W. Va. Jan. 9, 2013) (finding bad faith where party did not timely comply with court order to supplement response and provided documents "in a haphazard and insufficient manner" instead of as part of a formal discovery response), but Plaintiff's resistance to doing so is bizarre given the sanctions set forth in Federal Rule of Civil Procedure 37(c)(1). Therefore, if Plaintiff has indeed produced all documents responsive to the request, it shall affirmatively state that it has done so in a formal discovery response and identify the responsive documents it has already provided.   Defendant's motion to compel (ECF No. 179) is **GRANTED** as to Request for Production No. 5.

   G. *Request for Production No. 9*

       This request seeks "all documents, field notes, data logs, photographs, reports and/or other information concerning any testing and/or analysis of samples taken by [Plaintiff] or [its] expert(s) in this matter."   (ECF No. 179-1 at 5.)   Plaintiff objected that the request seeks protected work product but referred Defendant to its expert's final report.   (*Id.*)   As with Requests for Production Nos. 3 and 4, in response to this Court's order directing Plaintiff to provide a privilege log of materials withheld pursuant to this request (ECF No. 194), Plaintiff represents "that it has reviewed all documents and has in its possession no other documents that are responsive to this request" (ECF No. 199 at 2).

Again, Plaintiff shall provide a formal discovery response to Defendant reflecting that it has no responsive documents aside from the information in its expert's final report.   In all other respects, Defendant's motion to compel (ECF No. 179) is **DENIED AS MOOT** as to Request for Production No. 9.

For the foregoing reasons, Defendant's motion to compel (ECF No. 179) is **GRANTED IN PART** and **DENIED IN PART**.   Plaintiff is **ORDERED** to provide information to Defendant as set forth herein on or before **Friday, March 5, 2021**.

**IT IS SO ORDERED**.

The Clerk is **DIRECTED** to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:      February 23, 2021

Dwane L. Tinsley
United States Magistrate Judge

10