```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**THE COURTLAND COMPANY, INC.,**
a West Virginia Business Corporation,

       Plaintiff,

v.                                          Civil Action No. 2:19-cv-00894

**UNION CARBIDE CORPORATION,**
a New York Corporation,

    Defendant.

### ORDER

Pending is the plaintiff's motion for expedited clarification of this court's memorandum opinion and order denying the plaintiff's motion for leave to file a supplemental complaint, filed on February 22, 2021 (ECF No. 202).

On May 19, 2020, the plaintiff filed a motion for leave to file a supplemental complaint in order to add a citizen-suit Clean Water Act claim under 33 U.S.C. § 1365. See ECF No. 33. In an October 23, 2020 memorandum opinion and order, the court denied the motion on the ground that the plaintiff had not provided adequate pre-suit notice of the Clean Water Act claims it intended to bring, pursuant to § 1365(a)(1) and 40 C.F.R. § 135.3(a). See ECF No. 125. In the memorandum opinion and order, the court referred to a parcel of property owned by the defendant that is the subject of this case as the

"Filmont Landfill," see id., as the parties had done throughout this case, see, e.g., ECF No. 1; ECF No. 33-2.[1] The court noted, however, that the plaintiff "alleges that the Filmont Landfill remains an 'illegal open dump'" and further added, in a footnote, the mere observation that, under West Virginia law, an "'open dump'" is defined as "'any solid waste disposal which does not have a permit under the West Virginia Solid Waste Management Act, or is in violation of state law, or where solid waste is disposed in a manner that does not protect the environment.'" ECF No. 125 at 2 & n.2 (internal citations and brackets omitted) (quoting W. Va. Code § 22-15-2(23)).

While the plaintiff's motion for leave to file a supplemental complaint was pending, the defendant filed a motion for a protective order that would stay its response to requests for admissions propounded by the plaintiff. See ECF No. 99; ECF No. 100. The requests asked the defendant to admit that it had never applied for a permit issued pursuant to the Clean Water Act; that the Filmont Site is located within a 100-year floodplain, will restrict the flow of a 100-year flood, and will reduce the temporary water storage capacity of the floodplain;

---

[1] To avoid more needless controversy in this vein, the court herein refers to the property as the Filmont Site, except when quoting other documents that employ different terminology.

that leachate, solid waste, or a solid-waste constituent disposed of at the Filmont Site has been or may be discharged into waters; and that leachate from the Filmont Site has entered or may enter the environment outside the Filmont Site's boundaries. See ECF No. 100 at 4-6 (listing requests at issue). The defendant argued that the plaintiff sought admissions that might turn out to be irrelevant because they were related to the plaintiff's Clean Water Act claims, and the court had yet to decide whether the plaintiff could pursue those claims. See ECF No. 100. The defendant's motion for a protective order was referred to the Magistrate Judge.

On October 26, 2010, after the court denied the plaintiff's motion for leave to file a supplemental complaint to bring its Clean Water Act claims, the Magistrate Judge ordered the parties to file a joint status report addressing the impact of the court's denial of the plaintiff's motion. See ECF No. 127. In response to the order, the defendant argued that its motion was moot and that it should be given 14 days to either respond or object to the requests for admission. See ECF No. 132. The plaintiff argued that the defendant had already objected to the requests and should not be permitted to interpose additional objections and that, in any case, its requests were not directed at its putative Clean Water Act

3

claims, but at other claims asserted in its complaint. See id.

In a November 25, 2020 order, the Magistrate Judge denied the defendant's motion to the extent it requested a stay of its responses to the plaintiff's requests for admission while the plaintiff's motion to file a supplemental complaint remained pending. See ECF No. 147 at 1 n.1. However, the Magistrate Judge concluded that the plaintiff's requests for admission sought irrelevant information because they did not relate to the claims asserted in the plaintiff's complaint or to the affirmative defenses raised by the defendant in its responsive pleading; rather, at least some of the requests seemed to be directed at the plaintiff's Clean Water Act claims. See id. at 2-6. Accordingly, the Magistrate Judge granted the defendant's motion for a protective order to the extent it sought a ruling that the defendant was not obligated to respond to the requests. See id. at 6.

On December 11, 2020, the plaintiff filed Fed. R. Civ. P. 72(a) objections to the Magistrate Judge's November 25, 2020 order, arguing that the Magistrate Judge erred in concluding that its requests for admission were not relevant to the claims asserted in its complaint. See ECF No. 159. On December 14, 2020, however, the plaintiff filed a motion to withdraw its Rule 72(a) objections because it "no longer objects to the

4

[Magistrate Judge's] order." ECF No. 160. The court thereafter granted the motion, and the objections were withdrawn. See ECF No. 161.

In the current motion, the plaintiff asks that the court clarify its October 23, 2020 memorandum opinion and order denying the plaintiff's motion for leave to file a supplemental complaint to add its Clean Water Act claims. See ECF No. 202. The plaintiff explains that a "disagreement has arisen" between the parties concerning whether the memorandum opinion and order "narrowed the scope" of the claims in its complaint by precluding as an issue whether the Filmont Site is an "open dump" under applicable law. Id. at 1-2. The plaintiff further asserts that, based on the memorandum opinion and order, the defendant "refuses to permit [the plaintiff] to take discovery on the question of whether [the] Filmont" Site is an open dump. Id. at 2. Specifically, the plaintiff asserts that the defendant refuses to produce a Fed. R. Civ. P. 30(b)(6) corporate designee to testify at a deposition on this issue. See id. at 2, 6-7.

Although the Federal Rules of Civil Procedure do not expressly authorize motions to clarify a district court's interlocutory orders, see Grede v. FCStone, 867 F.3d 767, 777 (7th Cir. 2017) (citing, inter alia, United States v. Philip

5

Morris USA, Inc., 793 F. Supp. 2d 164, 168 (D.D.C. 2011)), courts are often called upon to decide them, see Philip Morris USA, 793 F. Supp. 2d at 168-69. "'The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend.'" Philip Morris USA, 793 F. Supp. 2d at 168 (quoting Resol. Tr. Corp. v. KPMG Peat Marwick, No. 92-1373, 1993 WL 211555, at *2 (E.D. Pa. June 8, 1993)). Thus, the movant should, at a minimum, "identify" the portions of the prior order that "are 'ambiguous' or 'vague.'" Id.

Here, the plaintiff does not argue that the court's October 23, 2020 memorandum opinion order is vague or ambiguous. Indeed, the plaintiff concedes that it has identified no vague or ambiguous language in the memorandum opinion and order, see ECF No. 217 at 2, and, instead, seems to assert that the memorandum opinion and order is not vague or ambiguous at all, see ECF No. 202 at 1-2, 7. The court agrees with plaintiff that the memorandum opinion is not vague or ambiguous and thus concludes that no clarification is warranted.

The plaintiff's argument seems to be that defendant is misconstruing the court's October 23, 2020 memorandum opinion and order in order to impermissibly resist discovery. Disputes regarding the scope of discovery, if the parties are unable to

resolve them, should be brought before the Magistrate Judge to whom discovery in this case has been referred. The plaintiff should be aware that this discovery dispute must initially be taken to the Magistrate Judge, as the parties have already litigated before the Magistrate Judge the impact that the court's October 23, 2020 memorandum opinion and order has on the scope of discovery with respect to the claims in the plaintiff's complaint.

Accordingly, it is ORDERED that the plaintiff's motion for expedited clarification of this court's memorandum opinion and order (ECF No. 202) be, and hereby it is, denied.

The Clerk is directed to transmit copies of this order to counsel of record and any unrepresented parties.

ENTER: March 19, 2021

John T. Copenhaver, Jr.
Senior United States District Judge