UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

THE COURTLAND COMPANY, INC.,
a West Virginia Business Corporation,

        Plaintiff,

v.                                Civil Action No. 2:19-cv-00894

UNION CARBIDE CORPORATION,
a New York Corporation,

    Defendant.

                    MEMORANDUM OPINION AND ORDER

        Pending is the plaintiff's Fed. R. Civ. P. 72(a)

objection to the Magistrate Judge's order granting in part and

denying in part the defendant's motion for a protective order,

filed on March 29, 2021 (ECF No. 232).


                        I.    Background


        The plaintiff commenced this action by filing a ten-

count complaint on December 13, 2019.  See ECF No. 1.  The

complaint concerns two parcels of property owned by the

defendant, dubbed the Filmont Site[1] and the UCC Railyard, that

---

[1] The plaintiff's complaint refers to the Filmont Site as the
"Filmont Landfill."  See ECF No. 1, passim.  However, in
subsequent litigation in this and related cases, the plaintiff
has argued that the Site should not be referred to as a
landfill, and the parties have disputed the terminology to be
employed.  The court uses the term "Site" herein.

abut a parcel of real property owned by the plaintiff.  See id. ¶¶ 5-6.  The complaint's introductory paragraph alleges that, beginning in the 1950s, the defendant has stored hazardous and solid wastes at the Filmont Site and the UCC Railyard, which "have become present and threaten to become further present at, on, and under [the] [p]laintiff's property and in soils, groundwater, and surface waters in the immediate vicinity" of the plaintiff's property.  Id. ¶ 1.  The complaint's "Facts" section, which spans over 50 paragraphs and 20 pages, contains several instances in which the plaintiff alleges that the hazardous and solid wastes from the defendant's properties have migrated or are threatening to migrate into nearby environmental media, including soil, groundwater, and surface water.  See id. ¶¶ 33-35, 37-39, 44.

        In a paragraph describing the parties to the action, the complaint alleges that the Filmont Site constitutes an "illegal open dump," as "that term is defined" in subsequent portions of the complaint, because it is a "landfill [that] has never been properly closed in accordance with federal and state law" and is "owned, operated, and maintained" by the defendant "in violation of state and federal law."  Id. ¶ 6.  Seventy paragraphs and twenty-five page later, the complaint, in setting forth Count II — which seeks citizen-suit relief for violations

of § 7002(a)(1)(A) of the Resource Conservation and Recovery Act of 1976 ("RCRA"), 42 U.S.C. § 6972(a)(1)(A), and the West Virginia Hazardous Waste Management Act — uses the term "open dump" again to describe the Filmont Site and the UCC Railyard. See id. ¶ 76. Count II does not directly explain its reference to "open dump," but it alleges that the Filmont Site is "compliant with neither the requirements of RCRA Subtitle C nor the requirements of RCRA Subtitle D." Id. (emphasis omitted). Count II further alleges that the defendants have violated RCRA in several ways, including by "discharg[ing], deposit[ing], dumping, spilling, or leaking . . . hazardous wastes to environmental media at and under the Filmont [Site] and the UCC Railyard and into environmental media on and in the vicinity of the [plaintiff's] [p]roperty" without a permit. Id. ¶ 72.

In Count V of the complaint, the plaintiff asserts a claim for judicial abatement of a public nuisance per se. See id. ¶¶ 98-107. As pertinent to the current objections, Count V's paragraphs contain the following allegations or assertions:

- Count V "incorporates and realleges" all 97 preceding paragraphs, which span 36 pages. Id. ¶ 98.

- "A condition . . . expressly prohibited by law is known as a nuisance per se." Id. ¶ 99.

- The Filmont Site and the UCC Railyard are "open dumps," which are prohibited under state and federal law and regulation. Id. ¶ 100 (citing 42 U.S.C. §§ 6944, 6945; W. Va. Code § 22-15-10).

3

- The Filmont Landfill and the UCC Railyard are public nuisances per se because the defendant's "collection, processing[,] and disposal of [s]olid [w]astes and [h]azardous [w]astes" at the properties "was conducted without obtaining the required permits and without complying with applicable waste disposal standards." Id. ¶ 101[2].

- "The aforementioned acts and omissions of [the defendant] are both prohibited by law and have caused or contributed to conditions now present in environmental media at, under, and in the vicinity of the [plaintiff's] [p]roperty. . .  in soils and groundwater," and these conditions are harmful and offensive and "constitute[] an unreasonable interference with the free use and enjoyment of such environmental media."  Id. ¶ 102 (emphasis added).

- "Although the harm caused by the contamination of groundwater threatens all local groundwater downgradient from the Filmont [Site] and the UCC Railyard, the Davis Creek, its tributaries, and ultimately the Kanawha River, the harm suffered by [the plaintiff] is different from the type of harm suffered by the general public in that the contaminants released and disposed of by [the] [d]efendant are currently present in the groundwater in the immediate vicinity of [the plaintiff]'s property and are currently restricting [the plaintiff]'s right to use that groundwater." Id. ¶ 105.

On May 19, 2020, the plaintiff filed a motion for leave to file a supplemental complaint in order to add a citizen-suit Clean Water Act claim under 33 U.S.C. § 1365.  See ECF No. 33.  In an October 23, 2020 memorandum opinion and order, the court denied the motion on the ground that the

---

[2] The complaint contains two paragraphs numbered 101.  The citation here is to the second of these paragraphs.

plaintiff had not provided adequate pre-suit notice of the Clean Water Act claims it intended to bring, pursuant to § 1365(a)(1) and 40 C.F.R. § 135.3(a).  See ECF No. 125.

On or about March 15, 2021, the plaintiff served on the defendant a second amended notice of deposition for the defendant's Fed. R. Civ. P. 30(b)(6) designee, Jerome Cibrik. See ECF No. 221-1 at 2; ECF No. 221-2.  The notice listed, in relevant part, the following topics:

- "[The] Filmont . . . Site's status as a disposal facility which . . . []restricts or may restrict the flow of the base flood, reduce the temporary water storage capacity of the floodplain . . . [or] caused or may have caused a discharge of pollutants into surrounding surface waters";

- "[The UCC] Railyard's status as a disposal facility which . . . restricts or may restrict the flow of the base flood, reduce the temporary water storage capacity of the floodplain . . . [or] may cause a discharge of pollutants into waters of the United States";

- "All investigatory activities concerning the contamination which has leached and which continues to leach from the Filmont . . . Site and the [UCC] Railyard, specifically . . . any activities undertaken to ascertain the . . . contamination levels found in soils, groundwater, and surface waters (including creeks and streams) at or in the vicinity of the Filmont . . . Site and the [UCC] Railyard"; and

- "Communications . . . concerning" (a) "[a]ny wastes, hazardous wastes, or hazardous substances which have been or which may have been released, leaked, disposed of at or from the Filmont . . . . Site to surrounding environmental media, including soils, groundwaters, or surface waters," (b) "substances at or from the Filmont . . .  Site or the [UCC] Railyard

to surrounding environmental media, including soils, groundwaters, <u>or surface waters</u>," and (c) "[t]he requirements of federal, state, or local law relative to the reporting of the presence of wastes, hazardous wastes, or hazardous substances which have been or which may have been released, leaked, leached, disposed of at or from the Filmont . . . Site or the [UCC] Railyard to surrounding environmental media, including soils, groundwaters, <u>or surface waters</u>."

ECF No. 221-2 ¶¶ 1(h), 2(i), 3, 5(a)-(c) (emphases added).

On March 18, 2021, the defendant filed a motion for a protective order regarding Mr. Cibrik's deposition, which was referred to the Magistrate Judge. <u>See</u> ECF No. 221; ECF No. 222. The defendant argued that the topics proposed by the plaintiff's notice, including those outlined above, pertain to the Clean Water Act claim that the plaintiff had tried to bring in its supplemental complaint. <u>See</u> ECF No. 222. The defendant noted that the Magistrate Judge had previously entered a protective order, concluding that the defendant had no obligation to respond to written discovery requests regarding floodplain permitting or surface-water discharging, or open-dump classification relating to its properties. <u>See id.</u> (citing ECF No. 147).

In its response brief, the plaintiff argued that deposition topics related to the classification of the Filmont Site and the UCC Railyard as "open dumps" were implicated by its Count V claim for judicial abatement of a public nuisance <u>per</u>

6

se.  See ECF No. 226 at 2-4.  The plaintiff explained that "the
essence of Count V . . . is [its] allegation that [the] Filmont
facility is an 'open dump' under both federal and state
standards."  Id. at 4 (emphasis in original).  The plaintiff
argued that, by citing to the prohibitions on open dumping found
in 42 U.S.C. §§ 6944 and 6945 and W. Va. Code § 22-15-10 in
Count V, it had "expressly implicate[d]" the "open dumping
criteria" set forth in regulations promulgated under those
statutes.  Id. at 4-5 (emphasis omitted).  Specifically, the
plaintiff argued that its Count V allegations implicated
discharges of pollutants into the waters of the United States
because "a discharge of pollutants into the waters of the United
States in violation of . . . the Clean Water Act is by
definition of federal law an open dump, independent of whether
there is a Clean Water Act count in the case or not."  Id. at 6
(emphases in original).

On March 24, 2021, following a telephonic conference
on the matter, see ECF No. 228, the Magistrate Judge entered an
order granting in part and dying in part the defendant's motion
for a protective order, see ECF No. 229.  The Magistrate Judge
ruled that the plaintiff could not seek testimony from Mr.
Cribrik regarding "contamination of surface waters."  See id. at
4-5.  The Magistrate Judge explained that Count V, which the

7

plaintiff relied on as the basis for the challenged deposition topics, does not contain allegations regarding contamination of surface waters but, instead, concerns contamination of soil and groundwater.  Id. at 2-3.  The Magistrate Judge also ruled that the plaintiff could not seek testimony related to floodplain permitting because it did not appear relevant to Count V.  Id. at 3-4.

The Magistrate Judge ordered the parties to schedule Mr. Cibrik's Rule 30(b)(6) deposition during the week of April 5-9, 2021, unless they mutually agreed otherwise, see id. at 1, and the parties have since scheduled the deposition for April 7 and 8, 2021, see ECF No. 232 at 1 & n.1; ECF No. 235 at 12.

On March 29, 2021, the plaintiff filed the current objections to the Magistrate Judge's order granting in part and denying in part the defendant's motion for a protective order. See EFC No. 232.  Briefing on the objections was completed on April 5, 2021.  See ECF No. 235; ECF No. 236.

## II.  Legal Standard

Pursuant to Rule 72(a), a magistrate judge's order on a non-dispositive matter is not to be modified or set aside unless it is "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a).  Under the "clearly erroneous" standard, "[a]

district court should reverse a magistrate judge's decision in a discovery dispute . . . only if the district court is left with a definite and firm conviction that a mistake has been made." Marks v. Global Mortg. Grp., Inc., 218 F.R.D. 492, 495 (S.D.W. Va. 2003) (citing Clark v. Milam, 155 F.R.FD. 546, 547 (S.D.W. Va. 1994)).  The objecting party bears the "high burden" of demonstrating that a magistrate judge's non-dispositive ruling is clearly erroneous or contrary to law.  Certusview Techs., LLC v. S&N Locating Servs., LLC, No. 2:13cv346, 2014 WL 12603191, at *2 (E.D. Va. Sept. 19, 2014).

### III. Discussion

Having reviewed the plaintiff's submissions, the court perceives six objections to the Magistrate Judge's order, which the court addresses in turn.[3]

---

[3] In a footnote of its objections, the plaintiff complains that the defendant "has insisted" that the plaintiff "should be forced first to take Mr. Cibrik's deposition as a Rule 30(b)(6) designee" by asserting a "prerogative to choose the order in which its opponent takes depositions."  ECF No. 232 at 1 n.1. The plaintiff notes that, "[o]ver [its] objection, the Magistrate Judge ordered that the [Rule] 30(b)(6) deposition be taken first."  Id.  Although the plaintiff says that it "objects to each and every one of the limitations imposed by the . . . Magistrate Judge['s] [order]," id. at 3, it presents no argument why the Magistrate Judge's decision as to the order of Mr. Cibrik's depositions is clearly erroneous or contrary to law. Accordingly, the court overrules any objection to that aspect of the Magistrate Judge's order.

A.    <u>Paragraph 105 of the complaint</u>

The plaintiff objects to the Magistrate Judge's ruling that "[t]he factual details comprising the [Count V] nuisance <u>per se</u> claim . . . allege only soil and groundwater contamination." ECF No. 229 at 3.  The plaintiff points first to ¶ 105 of the complaint – a paragraph within Count V – which refers to "the harm caused by the contamination of groundwater threaten[ing] all local groundwater downgradient from the Filmont [Site] and the UCC Railyard, the Davis Creek, its tributaries, and ultimately the Kanawha River . . . ." ECF No. 1 ¶ 105.  The plaintiff notes that Davis Creek, its tributaries, and the Kanawha River are all surface waters.  <u>See</u> ECF No. 232 at 4 n.2.

As an initial matter, the court notes that the plaintiff does not object to the underlying premise of the Magistrate Judge's ruling, namely, that the plaintiff may rely on Count V as a basis for questioning Mr. Cibrik regarding surface-water contamination only if the factual details comprising Count V concern surface-water contamination.  Thus, the issue for purposes of this objection is whether the reference in ¶ 105 to the threat posed to Davis Creek, its tributaries, and the Kanawha River by upgradient groundwater contamination shows that the Magistrate Judge clearly erred in

10

determining that Count V is not premised on surface-water contamination.

Although the plaintiff points to the language in ¶ 105 regarding the threat to Davis Creek, its tributaries, and the Kanawha River, it does not explain how this language undermines the Magistrate Judge's determination that the factual allegations comprising the Count V claim involve only soil and groundwater contamination.  The plaintiff appears to believe that the mere reference in ¶ 105 to threats to surface waters necessarily shows that the Magistrate Judge's determination is clearly erroneous.

The court concludes that the language in ¶ 105 does not show that the Magistrate Judge's determination was clearly erroneous.  In Count V, the plaintiff alleges that the Filmont Site and the UCC Railyard are per se public nuisances because they are open dumps under federal and state law causing contamination "in environmental media at, under, and in the vicinity of [the plaintiff's] property . . . in soils and groundwater" causing harmful conditions comprising a public nuisance.  ECF No. 1 ¶ 102 (emphasis added); see id. ¶¶ 99-104.  Paragraph 105 does not clearly allege that contamination from the defendant's properties have harmed nearby surface waters.  See id. ¶ 105 (alleging that contamination of groundwater

<u>threatens</u> downgradient surface waters).  Nor does it clearly
allege that the threat to downgradient surface waters posed by
contamination of upgradient groundwater has caused conditions
comprising a public nuisance.  Instead, on its face, ¶ 105 is
provided to allege that the plaintiff has suffered a
particularized harm, namely, the impairment of its ability to
use groundwater from its property due to the defendant's
contaminating that groundwater.  <u>See</u> <u>id.</u>  Indeed, the language
from ¶ 105 that the plaintiff relies on appears to be aimed at
highlighting the harm to groundwater on the plaintiff's property
rather than at asserting harm to surface waters as a basis for
the Count V nuisance <u>per se</u> claim.  <u>See</u> <u>id.</u> ("<u>Although</u> the harm
caused by the contamination of groundwater <u>threatens</u> . . .
[nearby surface waters], the harm suffered by [the plaintiff] is
different . . . in that . . . contaminants . . . are currently
present in the <u>groundwater</u> in the immediate vicinity of [the
plaintiff]'s property and are currently restricting [the]
[p]laintiff's . . . right to use that <u>groundwater</u>." (emphases
added)).

        The court cannot say, based on the language in ¶ 105
that it is left with a definite and firm conviction that the
Magistrate Judge mistakenly determined that the factual details
comprising Count V do not concern surface-water contamination.

12

B.    <u>Incorporation by reference</u>

Next, the plaintiff objects to the Magistrate Judge's determination that the factual allegations comprising the Count V nuisance <u>per se</u> claim involve only soil and groundwater contamination based on the first paragraph under Count V, which "incorporates and realleges the [preceding 97] paragraphs" of the complaint by reference.  <u>Id.</u> ¶ 98.  The plaintiff argues that the practice of incorporating by reference prior paragraphs into each successive count "is in no way unusual," and the plaintiff's counsel states he has located no authority suggesting that the practice is disallowed.  <u>See</u> ECF No. 232 at 5 n.3.  The plaintiff points out that in at least 6 of the 97 paragraphs preceding Count V, the complaint alleged that the defendant's properties had caused or threatened to cause contamination of nearby surface waters.  <u>See</u> <u>id.</u> at 5-7 (quoting ECF No. 1 ¶¶ 1, 2, 33, 44, 77, 95).

As an initial matter, the court notes that the plaintiff's briefing did not bring the allegations regarding surface-water contamination contained in the paragraphs incorporated by reference into Count V to the Magistrate Judge's attention.  And, unlike with other issues, <u>see</u> Part III.C, <u>infra</u>, the plaintiff does not assert that it raised the argument with the Magistrate Judge during the telephonic conference.

13

Generally, a magistrate judge's ruling on a non-dispositive issue should not be disturbed based on arguments not presented to him.  See Baird v. CCDC/CCSCC, No. 2:08-00044, 2008 WL 4999252, at *2 (S.D.W. Va. Nov. 20, 2008).

        Further, the court is not persuaded that the Magistrate Judge clearly erred in not acknowledging the paragraphs incorporated by reference that the plaintiff relies on.  Although the practice of incorporating all preceding paragraphs by reference into each successive count of a complaint is not disallowed, see Fed. R. Civ. P. 10(c), it is not favored either, see Weller v. JP Morgan Chase Bank, Nat'l Ass'n, No. 3:16-cv-110, 2017 WL 5158681, at *2 (N.D.W. Va. Jan. 30, 2017) (citing Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295-97 (11th Cir. 2002)).  The chief reason that federal courts do not favor the practice is pertinent here: incorporation by reference often requires courts and litigants to sift through all of the complaint's preceding paragraphs to determine which factual allegations and assertions of law contained therein are pertinent to the cause of action being reviewed.  See Strategic Income, 305 F.3d at 1295-97; see also Odom v. South Carolina, No. 5:14-2441-RMG-KDW, 2014 WL 5323949, at *7 (D.S.C. Sept. 12, 2014) (collecting cases). Because not every preceding factual allegation or legal

14

assertion will be relevant to every successive cause of action, it may be difficult to ascertain which allegations and assertions are intended to support the cause of action under review.  See Negron-Bennett v. McCandless, No. 1:13cv387 JCC/JFA, 2013 WL 3873659, at *4 (E.D. Va. July 24, 2013).

Here, the plaintiff points to 6 paragraphs, scattered among the 97 paragraphs preceding Count V, containing allegations that the defendant's properties cause surface-water contamination.  The plaintiff fails, however, to explain how any of these 6 paragraphs relate to the plaintiff's Count V claim of public nuisance per se.  The mere fact that the referenced paragraphs allege surface-water contamination does not indicate how or even if those allegations are intended to support the claim asserted in Count V.  Accordingly, the court cannot conclude based on the allegations of surface-water contamination contained in scattered paragraphs incorporated by reference into Count V, which do not appear from the record to have been called to the Magistrate Judge's attention, that the Magistrate Judge clearly erred by determining that the factual details comprising Count V do not concern surface-water contamination.

C.   <u>Count III of the complaint</u>

Next, the plaintiff objects that the Magistrate Judge's ruling is in error because, even if not pertinent to its Count V public nuisance <u>per se</u> claim, questions regarding surface-water contamination are relevant to its Count III claim seeking citizen-suit relief under RCRA.  <u>See</u> ECF No. 232 at 8-9.

Although the plaintiff did not raise this argument in its briefing before the Magistrate Judge, it asserts that it raised the argument during the telephonic conference at which the defendant's motion for a protective order was addressed. <u>See</u> <u>id.</u>  In a footnote, the Magistrate Judge's order notes that the plaintiff raised the argument "briefly" during the telephonic conference but "ha[d] not sufficiently established a nexus between the testimony sought and [the Count III] claim." ECF No. 229 at 3 n.1.

Based on the Magistrate Judge's treatment of the argument, it appears that the plaintiff did not adequately raise the issue before the Magistrate Judge.  The court is not inclined to disturb the Magistrate Judge's ruling based on an argument that does not appear from the record to have been squarely presented to him.  <u>See</u> <u>Baird</u>, 2008 WL 4999252, at *2. Further, the court notes that the plaintiff's objection is based

16

to some extent on its argument that Count III, like Count V, incorporates by reference allegations regarding surface-water contamination contained in the paragraphs preceding Count III. See ECF No. 232 at 8. As the court has earlier explained, such incorporation by reference makes it difficult to find clear error in not spotting the relationship between the Count III claim and the preceding, scattered allegations of surface-water contamination that the plaintiff now relies on.

In sum, the court is unable to say, based on the record before it, that it has a definite and firm conviction that the Magistrate Judge's decision is mistaken in light of the plaintiff's Count III claim.

D.   Counts IV, VI, VII, IX, and X of the complaint

Next, the plaintiff objects that the Magistrate Judge's ruling is in error because questions regarding surface-water contamination are relevant to Counts IV, VI, VII, IX, and X of the complaint. See ECF No. 232 at 9.

The court is not persuaded. There is no indication in the record that the plaintiff raised any argument regarding these Counts before the Magistrate Judge, and the plaintiff does not assert that it did so. Further, the plaintiff's argument in this regard depends heavily on its having incorporated by

17

reference into each of these Counts the complaint's preceding paragraphs containing allegations of surface-water contamination.  For reasons expressed earlier, the court cannot, under these circumstances, conclude that the Magistrate Judge's determination was clearly erroneous.

E.    Open dumping criteria implicated

Next, the plaintiff objects to the Magistrate Judge's ruling on the ground that its questions involving Clean Water Act violations are implicated by its Count V nuisance per se claim.  See id. at 10-16.  The plaintiff concedes that much of the challenged language employed in its deposition notice tracked the language of the Clean Water Act.  See id. at 10. The plaintiff argues that, although this action does not include a Clean Water Act claim, Count V necessarily implicates Clean Water Act issues.  Id.  The plaintiff explains that Count V alleges that the Filmont Site and the UCC Railyard constitute nuisances per se because they are open dumps, which are prohibited by federal and state statutes — namely 42 U.S.C. §§ 6944 and 6945 and W. Va. Code § 22-15-10 — that are referenced in Count V.  See id. at 10-11.

With respect to the federal statutes, the plaintiff points out that, in a parenthetical describing §§ 6944 and 6945,

Count V makes reference to 40 C.F.R. Part 257, which contains
criteria for determining which waste-management practices
constitute open dumping.  See id. at 12 & n.6; see also ECF No.
1 ¶ 100.  The plaintiff argues that its reference to Part 257
implicates the criteria contained in 40 C.F.R. § 257.3-3, which,
it says, provides that a facility discharging pollutants into
waters of the United States in violation § 402 of the Clean
Water Act meets the criteria of an open dump.  See ECF No. 232
at 12-13.  Thus, the plaintiff's argument appears to be that the
Magistrate Judge's ruling is in error because Count V's
allegation that the Filmont Site and the UCC Railyard are open
dumps in violation of §§ 6944 and 6945 implicates the criteria
for defining open dumps contained in Part 257, which in turn
implicates the criteria set forth in § 257.3-3, which in turn
implicates violations of the Clean Water Act by discharging
pollutants into waters of the United States.

        With respect to the state statute, the plaintiff
points out that Count V cites the West Virginia legislature's
declaration that "[u]ncontrolled, inadequately controlled[,] and
improper . . . disposal of solid waste is a public nuisance."
ECF No. 1 ¶ 101 (quoting W. Va. Code § 22-15-1(c)[4]).  Although

---

[4] The complaint cites W. Va. Code § 25-15-10(c), but the correct
citation appears to be W. Va. Code § 22-15-1(c).

not cited in Count V, the plaintiff points out that, under W. Va. Code § 22-15-5, the West Virginia Department of Environmental Protection has promulgated W. Va. Code R. § 33-1-2.84, which defines an open dump to mean, among other things, the disposal of solid waste in a manner that does not protect the environment.  The plaintiff further points out that, under a different rule, W. Va. Code R. § 33-1-7.2.a.1, certain measures must be taken to protect the environment – including measures to prevent the discharge of pollutants into waters of the state – if a facility is to avoid being classified as an open dump. Thus, the plaintiff's argument appears to be that the Magistrate Judge's ruling is in error because Count V's references to §§ 22-5-10 and 22-15-1(c) implicates W. Va. Code R. § 33-1-2.84's definitions of open dump, one of which concerns the disposal of solid waste without protecting the environment, which in turn implicates W. Va. Code. R. § 33-1-7.2.a.1's requirement that, to protect the environment, a facility must, among other things, prevent the discharge of pollutants into waters of the state.

        The court again is not persuaded.  The Magistrate Judge ruled that the plaintiff "may [not] obtain discovery about the [d]efendant's compliance with any of the [myriad] federal or state solid waste permitting requirements simply by citing to the overarching statutory schemes in its complaint."  ECF No.

229 at 2.  Rather, the Magistrate Judge concluded, "the scope of [the] [p]laintiff's questioning [should be] limited by the complaint's factual allegations."  Id.  The plaintiff does not object to this ruling and, in fact, seems to agree with it.[5]  Instead, the plaintiff's argument appears to be that Count V's references to 42 U.S.C. §§ 6944 and 6945, 40 C.F.R., Part 257, and W. Va. Code §§ 22-15-10 and 22-15-1(c) are sufficient to implicate other, much more particularized regulations that set forth criteria – including, among others, whether a facility discharges pollutants into waters of the United States or the state – for determining when that facility constitutes an open dump.

The court perceives no clear error in the Magistrate Judge's determination that Count V's references to the statutes and regulations comprising the "overarching statutory schemes" prohibiting open dumps do not permit the plaintiff to obtain discovery into the defendant's compliance with the Clean Water

---

[5] The Magistrate Judge's order stated that the plaintiff had "suggest[ed] that it may obtain discovery about [the] [d]efendant's compliance with any of the federal or state solid waste permitting requirements simply by citing to the overarching statutory schemes in its complaint."  ECF No. 229 at 2.  In its objections, the plaintiff states that it "made no such argument and has never suggested that it seeks discovery concerning any 'waste permitting requirements.'"  ECF No. 232 at 13 n.7 (emphasis in original).

Act or with particularized regulations concerning the discharge of pollutants into surface waters.  The fact that the plaintiff must resort to arguing that the particularized regulations are "implicated" by its references to the general prohibitions on open dumps demonstrates that Count V fails to cite or otherwise reference those particularized regulations.  It further demonstrates that the plaintiff attempts to rely on Count V's references to the overarching statutory scheme, which the Magistrate Judge determined is not enough to merit the discovery the plaintiff seeks.  Once again, the court is not left with a definite and firm conviction that the Magistrate Judge's decision in this regard is mistaken.

F.   <u>Floodplain permitting standards</u>

        Lastly, the plaintiff argues that the Magistrate Judge erred by concluding that the Count V nuisance <u>per se</u> claim does not involve floodplain permitting standards and thus that the plaintiff's questions regarding floodplain permitting at the defendant's properties would be prohibited.  <u>See</u> ECF No. 229 at 3-4.  The sole allegation in the complaint regarding a floodplain is found in ¶ 23: "The depth of the Filmont Landfill is unknown[;] however[,] it does come to the very bank of Davis Creek and appears to cover part of the Davis Creek floodplain." ECF No. 1 ¶ 23.  The plaintiff argues that, because this

allegation is incorporated by reference into Count V and because Count V's references to 42 U.S.C. §§ 6944 and 6945, 40 C.F.R., Part 257 implicate the criteria found in 40 CFR § 257.3-1, which characterizes facilities that affect a floodplain in certain environmentally hazardous ways as open dumps, the Magistrate Judge wrongly determined that floodplain permitting standards are not relevant to Count V.

For the reasons expressed earlier, the plaintiff's arguments that Count V incorporates by reference ¶ 23's floodplain permitting allegations and implicates particularized regulations by referring to an overarching statutory scheme are insufficient to show that the Magistrate Judge clearly erred in determining that the factual details comprising Count V do not concern floodplain permitting.

## IV.   Conclusion

For the foregoing reasons, it is ORDERED that the plaintiff's Rule 72(a) objection to the Magistrate Judge's order (ECF No. 232) be, and hereby it is, overruled.

The Clerk is directed to transmit copies of this memorandum opinion and order to counsel of record and any unrepresented parties.

ENTER: April 8, 2021

John T. Copenhaver, Jr.
Senior United States District Judge