## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| THE COURTLAND COMPANY, INC., a West Virginia Business Corporation,<br><br>      Plaintiff,<br><br>v.<br><br>UNION CARBIDE CORPORATION, a New York Corporation,<br><br>      Defendant | )<br>)<br>)<br>) Case No.: 2:18-cv-01230 ("Courtland I")<br>) Case No.: 2:19-cv-00894 ("Courtland II")<br>) Case No.: 2:21-cv-00101 ("Courtland III")<br>) Case No.: 2:21-cv-00487 ("Courtland IV")<br>)<br>)<br>)<br>) |

**PLAINTIFF AND COUNTER-DEFENDANT THE COURTLAND COMPANY'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGEMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION, BASED UPON UNION CARBIDE CORPORATION'S FAILURE TO COMPLY WITH THIS COURT'S ORDER REGARDING RULE 26(a)(3)(A)(i)-(iii) DISCLOSURES**

Plaintiff and Counter-Defendant, The Courtland Company, Inc. ("Courtland") files its Memorandum of Law in support of its Motion for Summary Judgement on all counts against Union Carbide Corporation ("UCC") for failure to comply with this Court's Rule 26(a)(3), Federal Rules of Civil Procedure Order regarding disclosures. Specifically, this Court Ordered in Courtland III, ECF No. 48:

> "Regarding the settlement meeting, the parties and their lead trial counsel, if any, shall meet and conduct negotiations looking toward the settlement of the action, and counsel and any unrepresented parties will be prepared at the pretrial conference to certify that they have done so. Counsel for the plaintiff(s) shall take the initiative in scheduling the settlement meeting, and all other counsel and unrepresented parties shall cooperate to effect such negotiations. If the action is not settled during the settlement meeting or mediation session, and if there is no order or stipulation to the contrary, counsel and

unrepresented parties <u>shall make all Rule 26(a)(3) disclosures at the conclusion of the meeting or session</u>." (Emphasis added.)

March 7, 2022 was the Court's deadline for Settlement Meeting and UCC has not made the Ordered disclosures.[1]

Federal Rule of Civil Procedure 26(a)(3)(A) provides in pertinent part:

(3) *Pretrial Disclosures.*

(A) *In General.* In addition to the disclosures required by <u>Rule 26(a)(1)</u> and (2), a party must provide to the other parties and promptly file the following information about the evidence that it may present at trial other than solely for impeachment:

(i) the name and, if not previously provided, the address and telephone number of each witness—separately identifying those the party expects to present and those it may call if the need arises;

(ii) the designation of those witnesses whose testimony the party expects to present by deposition and, if not taken stenographically, a transcript of the pertinent parts of the deposition; and

(iii) an identification of each document or other exhibit, including summaries of other evidence—separately identifying those items the party expects to offer and those it may offer if the need arises.

(B) *Time for Pretrial Disclosures; Objections.* Unless the court orders otherwise, these disclosures must be made at least 30 days before trial. Within 14 days after they are made, unless the court sets a different time, a party may serve and promptly file a list of the following objections: any objections to the use under <u>Rule 32(a)</u> of a deposition designated by another party under <u>Rule 26(a)(3)(A)(ii)</u>; and any objection, together with the grounds for it, that may be made to the admissibility of materials identified under <u>Rule 26(a)(3)(A)(iii)</u>. An objection not so made—except for one under <u>Federal Rule of Evidence 402</u> or <u>403</u>—is waived unless excused by the court for good cause.

Courtland made such disclosures as directed by the Court on March 7, 2022 (Courtland II, ECF Nos. 350-351), while UCC has made no such required disclosures. Courtland has been prejudiced by UCC's failure to follow this Court's Order in its preparation for trial. Thus, UCC will not be

---

[1] Pursuant to this Court's initial scheduling orders in the four related matters (Courtland I, ECF No. 27; Courtland II, ECF No. 23; Courtland III, ECF No. 48), the Court's October 22, 2021, scheduling order (Courtland I, ECF No. 302; Courtland II, ECF No. 305), the Court's November 2, 2021, order consolidating the four matters for scheduling and trial (Courtland III, ECF No. 81; Courtland IV, ECF No. 10), and the Court's February 18, 2022, order denying the parties' motion to continue trial (Courtland I, ECF No. 312; Courtland II, ECF No. 341; Courtland III, ECF No. 119; Courtland IV, ECF No. 38), the Settlement Meeting deadline was March 7, 2022. There has been no stipulation or order to the contrary, thus the parties' Rule 26(a)(3)(A)(i)-(ii) disclosures were also due that day. *Id.*

able to present any documents or witnesses at trial for its affirmative claims against Courtland or its affirmative defenses in response to Courtland's affirmative claims against UCC. Fed. R. Civ. P. 37(c)(1) (If a disclosure is untimely, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."); *see Diaz-Garcia v. Surillo-Ruiz*, 98 F. Supp. 3d 396, 400 (D.P.R. 2015). Moreover, as of time of filing, UCC still has not served its Rule 26(a)(3) disclosures, despite have been served with those of Courtland a week ago.

UCC's failure to timely designate trial evidence, e.g., trial witnesses and exhibits, also prejudices Courtland as it will not have time to timely and properly prepare any motions in limine based on the April 22, 2022, deadline. Thus, Courtland hereby moves for dismissal with prejudice of all of UCC's Counterclaims against Courtland and affirmative defenses based on UCC's failure to meet its obligations of designating exhibits and witnesses as required by Rule 26(a) – UCC will be prevented from offering evidence as trial.

**Neely & Callaghan**
**Lead Trial Counsel for Plaintiff and Counter-Defendant, The Courtland Company, Inc.**

BY:   /s/ Michael O. Callaghan
Michael O. Callaghan, Esq. WV Bar No. 5509
NEELY & CALLAGHAN
1337 Virginia Street East
Suite 200
Charleston, WV  25301-3011
Telephone:  (304) 343-6500
Facsimile:  (304) 343-6528
E-Mail:  mcallaghan@neelycallaghan.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

| | |
|---|---|
| THE COURTLAND COMPANY, INC., ) | |
| *Plaintiff*, ) | Case. No. 2:18-cv-01230 ("Courtland I") |
| ) | Case. No. 2:19-cv-00894 ("Courtland II") |
| v. ) | Case. No. 2:21-cv-00101 ("Courtland III") |
| ) | Case. No. 2:21-cv-00487 ("Courtland IV") |
| UNION CARBIDE CORPORATION, ) | |
| ) | Hon. John T. Copenhaver, Jr. |
| *Defendant* ) | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 14th day of March, 2022, the foregoing **PLAINTIFF AND COUNTER-DEFENDANT THE COURTLAND COMPANY'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGEMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION, BASED UPON UNION CARBIDE CORPORATION'S FAILURE TO COMPLY WITH THIS COURT'S ORDER REGARDING RULE 26(a)(3)(A)(i)-(iii) DISCLOSURES** was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to, and constitutes service on counsel of record.

BY:   /s/ Michael O. Callaghan
        Michael O. Callaghan, Esq. (WV Bar No. 5509)
        NEELY & CALLAGHAN
        1337 Virginia Street East, Suite 200
        Charleston, WV 25301
        Telephone:  (304) 343-6500
        Facsimile:  (304) 343-6528
        E-Mail:  mcallaghan@neelycallaghan.com