```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**THE COURTLAND COMPANY, INC.**

      Plaintiff,

v.                            Civil Action No. 2:18-cv-01230
                             Civil Action No. 2:19-cv-00894
                             Civil Action No. 2:21-cv-00101
                             Civil Action No. 2:21-cv-00487

**UNION CARBIDE CORPORATION,**

      Defendant.

## MEMORANDUM OPINION AND ORDER

Pending are (1) Plaintiff The Courtland Company, Inc.'s ("Courtland") Motion for Summary Judgment, or in the Alternative Summary Adjudication, Based Upon Union Carbide Corporation's Failure to Comply With This Court's Order Regarding Rule 26(a)(3)(A)(i)-(iii) Disclosures (ECF 323)[1], filed March 14, 2022, and (2) Defendant Union Carbide Corporation's ("UCC") Emergency Motion to Extend Motion in Limine Deadlines (ECF 351), filed April 5, 2022.

---

[1] Unless otherwise indicated, all docket citations herein reference the docket in Civil Action No. 2:18-cv-01230 ("Courtland I").

I. Background

The subject motions are overlapping and related inasmuch as they involve disputes between the parties regarding their respective Rule 26(a)(3) pretrial disclosures.

In Courtland's motion, it moves for dismissal "of all of UCC's Counterclaims against Courtland and affirmative defenses" based on UCC's alleged failure to timely disclose its Rule 26(a)(3) disclosures, which were due, in Courtland's view, on March 7, 2022: the settlement meeting deadline in the operative scheduling orders governing these actions. ECF 324 at 3. Alternatively, Courtland requests "that UCC's documents and witnesses supporting their various Summary Judgment Motions or oppositions to Courtland's Summary Judgment Motion should be excluded under Fed. R. Civ. Proc., Rule 37 and those UCC's motions and oppositions should be denied for lack of evidence." ECF 338 at 4.

Courtland made its pretrial disclosures in all four actions on March 7, 2022; UCC has made no such disclosures to date. See ECF Nos. 319, 320. Courtland avers UCC's failure to disclose has caused prejudice to Courtland in its preparation for trial and the filing of motions in limine, currently due on

April 13, 2022, in <u>Courtland I</u> and <u>II</u>, and April 22, 2022, in <u>Courtland III</u> and <u>IV</u>.

UCC contends that its forthcoming pretrial disclosures are not untimely inasmuch as the same are not due until thirty (30) days prior to the June 28, 2022, trial date as required by Federal Rule of Civil Procedure 26(a)(3)(B). <u>See</u> F. R. Civ. P. 26(a)(3)(B) ("Unless the court orders otherwise, [Rule 26(a)(3)] disclosures must be made at least 30 days before trial."). UCC avers Courtland is relying on the original, superseded scheduling orders in these actions to support its position that pretrial disclosures were due on March 7, 2022. But, assuming arguendo that Courtland is correct and pretrial disclosures were due on the March 7, 2022, settlement meeting deadline, UCC contends that Courtland "utterly failed to comply with the [c]ourt ordered requirements of the Settlement Meeting, which it now contends triggered the Rule 26(a)(3) deadline." ECF 330 at 4.

UCC notes that Courtland filed a "Notice of Completion of Settlement Meeting" on March 7, 2022, stating that (1) the parties engaged in an all-day mediation on November 3, 2021, and were unable to settle, and (2) both parties had since continued to engage in discussions with the mediator. <u>See</u> ECF 318. UCC contends, however, that Courtland never conferred with UCC prior

to filing the Notice "on whether additional settlement discussions may be beneficial and . . . assuredly did not communicate with . . . UCC that it believed the November 3, 2021 mediation was a 'Settlement Meeting' as contemplated by the [c]ourt's orders."  ECF 330 at 5.  Simply put, UCC contends that no settlement meeting occurred on March 7, 2022 and a mediation that occurred more than four months prior to the March 7, 2022 deadline, "and before any significant discovery could be undertaken in Courtland IV, does not satisfy [Courtland's] obligations under the [original scheduling orders] on which it now relies."  Id. at 4-5.  Lastly, UCC contends that Courtland has failed to establish any prejudice resulting from the alleged untimely disclosures given that "UCC has ample time to submit its disclosures and [Courtland] will suffer no 'last minute surprises' as a result."  Id. at 7.

UCC notes that if the court wishes "to have the parties make Rule 26(a)(3) disclosures prior to the filing of [m]otions in [l]imine, UCC would propose that the [m]otions in [l]imine deadline be consolidated and moved to April 29, 2022, which is one week past the current deadline for filing [m]otions in [l]imine, in Courtland III and IV."  Id. at 8.

This is precisely the request that UCC makes in its emergency motion to extend the motions in limine deadline. In support thereof, UCC contends that consolidation and a brief extension of the motions in limine deadline in all four cases is warranted inasmuch as trial is set for June 28, 2022, and much, if not most, of the evidence relied upon by the parties is the same or similar for all four cases, and discovery remains ongoing in all matters. See ECF 351, 352.

In addition to the extension request set forth in UCC's motion, it also requests that the court order that Courtland's Rule 26(a)(3) disclosures "be required to be specific in nature, identifying not only the specific document but also the case in which said document is to be used, and that said disclosures be made fourteen (14) days in advance of April 29, 2022 (i.e., April 15, 2022)." ECF 351 at 2. UCC contends Courtland's disclosures, "which list 44 witnesses and 801 documents, are neither helpful nor do they serve the contemplated purpose of the Rule." ECF 352 at 4.

Specifically, UCC contends Courtland's Rule 26(a)(3) document disclosure "simply identifies every single document, deposition, expert witness report, and other document filed in these matters" and "fails to include adequate identifiers regarding the documents on which it will rely, and simply does

5

not act as a meaningful disclosure of items that Courtland actually plans to make use of in trial." Id. UCC avers such disorganization hinders its ability to effectively and efficiently prepare motions in limine and for trial.

Courtland contends that UCC's emergency stems from "its own wholesale failure" to timely file its pretrial disclosures in accord with the court's scheduling order, for which it now seeks a "do-over." ECF 354 at 1, 2. Courtland further asserts that any objections UCC has to its pretrial disclosures are tardy inasmuch as UCC waited nearly thirty days after the same were provided to make such objections. Nonetheless, Courtland avers its disclosures are proper and timely, and "there is no need for Courtland to differentiate its identified documents between cases" given UCC's concession that all, if not "most of the evidence is the same for all [four] . . . cases." Id. at 10.

## II. Discussion

### A. Timeliness of UCC's Disclosures

Rule 26(a)(3)(B) provides that "[u]nless the court orders otherwise, [Rule 26(a)(3)] disclosures must be made at least 30 days before trial." Fed. R. Civ. P. 26(a)(3)(B). The original scheduling orders in these matters set forth requirements and directives regarding the deadlines imposed. Contrary to UCC's contention, such requirements and directives outlined in the original schedules are not superseded by subsequent orders modifying the same. Indeed, modifications to the original scheduling order provide "with the exception of the above modifications, the requirements and directives of the original scheduling order shall remain in full force and effect." See, e.g., ECF 302 at 2.[2]

---

[2] The operative scheduling order in Courtland I and II is docketed at ECF 302 and contains the language just quoted above. The operative scheduling order in Courtland III and IV is docketed at ECF 312. Therein, the court denied the parties' request to extend the entirety of the schedules in these matters by ninety days but made a slight modification to the schedules in Courtland III and Courtland IV to account for the parties' failure in Courtland IV to institute deadlines governing the disclosure of expert witnesses in the stipulation and agreed scheduling order the parties had previously furnished to the court. See ECF 312 at 8-9. The end of that order provides "[w]ith the exception of the above modification, the requirements and directives set forth in the parties' stipulation and agreed order regarding consolidation of scheduling in Courtland III and Courtland IV (ECF. Nos. 81, 10)

The court-imposed deadline for the settlement meeting in these actions was March 7, 2022. See ECF Nos. 302; 312. The original scheduling orders explain:

> Regarding the settlement meeting, the parties and their lead trial counsel, if any, shall meet and conduct negotiations looking toward the settlement of the action, and counsel and any unrepresented parties will be prepared at the pretrial conference to certify that they have done so. Counsel for the plaintiff(s) shall take the initiative in scheduling the settlement meeting, and all other counsel and unrepresented parties shall cooperate to effect such negotiations. If the action is not settled during the settlement meeting or mediation session, and if there is no order or stipulation to the contrary, counsel and unrepresented parties <u>shall make all Rule 26(a)(3) disclosures at the conclusion of the meeting or session</u>.

ECF 27 at 2-3 (emphasis added). The settlement meeting deadline does not per se mandate that a settlement meeting occur on that specific date but rather provides a date by which any settlement meeting should occur. The deadline likewise operates to fix the date by which any Rule 26(a)(3) disclosures should be disclosed.

The parties engaged in an all-day, albeit unsuccessful, mediation on November 3, 2021, thereby, in the

---

shall remain in full force and effect." Id. at 9. The parties' proposed stipulation and agreed order therein cited, which the court adopted in full, does not contain the court's stock language regarding the continued binding effect of the original scheduling orders in Courtland III and IV. Nonetheless, it was clear in Courtland I and II that the requirements and directives set forth in the original scheduling orders continued to govern. There would thus be no reason to doubt the same continued effect of the identical requirements and directives set forth in the original scheduling orders in Courtland III and IV.

court's estimation, satisfying the requirement that the parties be prepared to confirm their participation in such settlement negotiations with the court at the time of the pretrial conference.  Under a plain reading of the court's scheduling order, the parties should have exchanged disclosures at the conclusion of that mediation session.  However, to read the scheduling order in such a literal fashion would produce an absurd result inasmuch as such disclosures would have certainly been premature at that time given that neither fact nor expert discovery was set to close until February of 2022.  This is precisely why the settlement meeting deadline operates as the final date by which the parties are to exchange Rule 26(a)(3) disclosures.

Admittedly, however, the scheduling order language is somewhat confusing in this regard and could be clearer, but a logical inference should have been made by both parties that such disclosures would need to be made on or before March 7, 2022.  While UCC contends that any perceived failure on its end to timely disclose arose from its genuine confusion surrounding the scheduling orders, the court notes that it is concerning that UCC, as of this writing, has still not made its Rule 26(a)(3) disclosures.  Nonetheless, Courtland's conduct is equally concerning.  Courtland filed its Notice of Completion of

Settlement Meeting at 8:25 PM on March 7, 2022, without first discussing the same with UCC. Courtland then filed a certificate of service at 10:07 PM that same date, certifying that its Rule 26(a)(3) disclosures were "electronically filed with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic Filing to, and constitutes service on counsel of record." ECF 319.

To the extent that Courtland avoided conferring with UCC prior to filing the Notice of Settlement Completion in efforts to "trigger" the disclosure deadline, suppress its intention to serve the same, and capitalize on any existing confusion surrounding the disclosure deadline, -- which may or may not have been apparent by the fact that UCC had not made such disclosures as of 10:00 PM on March 7 -- such plain gamesmanship is problematic. And, to reiterate, it is equally problematic that UCC has still not provided Courtland with its disclosures. Simply put, the court is unimpressed by the circumstances, and the purported actions of both parties.

The court concludes, however, that Courtland is correct that UCC's Rule 26(a)(3) disclosures are untimely and should have been made by March 7, 2022, pursuant to the directives set forth in the court's scheduling order. Pursuant to Rule 37, "[i]f a party fails to provide information . . . as

required by Rule 26(a) . . . the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Our court of appeals has identified five factors to be utilized in determining whether a party's failure to disclose is substantially justified or harmless: "(1) surprise to the party against whom the witness was to have testified; (2) the ability of the party to cure that surprise; (3) the extent to which allowing the testimony would disrupt the trial; (4) the explanation for the party's failure to name the witness before trial; and (5) the importance of the testimony." Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 597 (4th Cir. 2003) (quoting Rambus, Inc. v. Infineon Technologies AG, 145 F. Supp. 2d 721, 726 (E.D.Va. 2001) (internal citations and quotation omitted)).

The court concludes that UCC's failure to disclose is harmless at this stage of the litigation given that discovery is still ongoing and any asserted prejudice to Courtland can be remedied. Courtland avers that it is been prejudiced by UCC's failure to disclose inasmuch as its preparation for the filing of motions of limine has been hindered. By consolidating the motions in limine deadline in all four actions; extending that

deadline to April 29, 2022; -- only one week past the current deadline for filing motions in limine in Courtland III and IV -- and requiring that all Rule 26(a)(3) disclosures be made on or before April 15, 2022,[3] any asserted prejudice arising from UCC's failure to disclose can easily be cured.  This minor modification will also ensure that both parties have the ability to effectively prepare for trial without any last-minute surprises.  Accordingly, the untimeliness of UCC's disclosures fail to warrant summary judgment and/or adjudication in these actions in favor of Courtland and good cause exists to consolidate and extend the motions in limine deadline.

---

[3] To the extent that Courtland avers UCC is unable to establish the excusable neglect necessary under Rule 6(b) to warrant a modification of the expired Rule 26(a)(3) disclosure deadline, the court disagrees.  See Fed. R. Civ. P. 6(b)(1) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect.").  Inasmuch as any prejudice arising from UCC's untimely disclosures can be cured without disrupting the scheduled trial date and the fact that UCC's untimeliness appears to stem from its confusion surrounding the court's scheduling orders, the court concludes that good cause exists to extend the disclosure deadline.  See Thompson v. E.I. DuPont de Nemours & Co., Inc., 76 F.3d 530, 533 (4th Cir. 1996) (noting the factors considered in analyzing excusable neglect are "the danger of unfair prejudice to the [non-movant], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.").

B. <u>Adequacy of Courtland's Rule 26(a)(3) Disclosures</u>

As previously noted, UCC also requests that the court order that Courtland's Rule 26(a)(3) disclosures "be required to be specific in nature, identifying not only the specific document but also the case in which said document is to be used." ECF 351 at 2. While Courtland is correct that nothing in Rule 26 requires the specificity UCC seeks, the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

The court concludes that the sheer complexity of these matters, combined with the extensive amount of discovery that has occurred therein, warrants some organization and specificity in each of the parties' pretrial disclosures. This, in turn, will allow <u>both</u> parties to efficiently locate and identify the evidence each side intends to utilize at trial, while at the same time facilitating and streamlining the filings of motions in limine -- a resource and cost saving measure by which each side will benefit. Accordingly, UCC is directed to submit its Rule 26(a)(3) disclosures and Courtland is directed to submit its revised Rule 26(a)(3) disclosures on or before April 15, 2022, that specifically (1) identify the document(s) by both

title and Bates number, and (2) identify the case in which the document will be used.

### III.   Conclusion

Based on the foregoing discussion, its is ORDERED that:

1. Courtland's Motion for Summary Judgment, or in the Alternative Summary Adjudication, Based Upon Union Carbide Corporation's Failure to Comply With This Court's Order Regarding Rule 26(a)(3)(A)(i)-(iii) Disclosures (ECF Nos. 323; 361; 135; 52) be, and hereby is, DENIED;

2. UCC's Emergency Motion to Extend Motion in Limine Deadlines (ECF Nos. 351; 400; 160; 77) be, and hereby is, GRANTED;

3. UCC shall submit its Rule 26(a)(3) disclosures and Courtland shall submit its revised Rule 26(a)(3) disclosures on or before April 15, 2022, that specifically (1) identify the document(s) by both title and Bates number, and (2) identify the case in which the document will be used; and

4. The deadline for the filing of motions in limine in all four actions be, and hereby is, consolidated and extended to April 29, 2022.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: April 12, 2022

John T. Copenhaver, Jr.
Senior United States District Judge

15